IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JANIE KEITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-CV-1311-KOB |
| ) | |
| TALLADEGA CITY BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter comes before the court on "Defendant[] Talladega City Board of Education's Motion to Dismiss," filed on September 19, 2018. (Doc. 3). On August 16, 2018, Plaintiff Janie Keith filed this employment discrimination lawsuit alleging gender discrimination, hostile work environment, retaliation, pay discrimination, and quantum meruit. (Doc. 1). On October 15, 2018, Ms. Keith filed "Plaintiff's Objection to Defendant's Motion to Dismiss." (Doc. 9). On October 25, 2018, Talladega City Board of Education filed "Defendant's Reply to Plaintiff's Objection to Defendant's Motion to Dismiss." (Doc. 10). The motion is now ripe for review.

**I. Background**

The Board of Education hired Ms. Keith, an African-American female, as a physical education teacher on October 19, 1989. (Doc. 9 at 1). Ms. Keith initially coached varsity cheerleading at Talladega High School, volleyball at Zora Ellis Jr. High School, and 7th and 8th grade girls' basketball at Zora Ellis Jr. High School. Throughout her time working for the Board, Ms. Keith coached several other teams, as identified in the chart below.

| Sport | Level | Year Began | Year Ended |
|---|---|---|---|
| | | | |

1

| Girls' basketball | Varsity | 1997 | 2018 |
| --- | --- | --- | --- |
| | Junior varsity | 2012 | 2018 |
| Girls' volleyball | Varsity | 2013 | 2017 |
| | Junior varsity | 2013 | 2017 |
| Girls' softball | Varsity | 2013 | 2017 |
| | Junior varsity | 2015 | 2016 |

Ms. Keith alleges that she was paid for coaching varsity volleyball, but not junior varsity volleyball, for the academic years 2013 through 2016. Ms. Keith alleges that she was paid for coaching varsity softball, but not junior varsity softball, for academic years 2013–2014 and 2016–2017.

Ms. Keith claims that in 2010, she was hired as Assistant Athletic Director. In this position, she would assist Charles Miller, a Caucasian male who the Board appointed as the Athletic Director for the academic years 2010 through 2013.[1]

For the 2012–2013 academic year, the Board of Education appointed Ms. Keith as the Athletic Director for Talladega City Schools. She remained Athletic Director until the Board terminated her on September 2, 2016. She was never given an assistant during this time, and was allegedly paid less than Mr. Miller. Ms. Keith alleges that she was fired because she sought redress for the discrimination issues.

---

[1] While Ms. Keith's response and complaint both state that Mr. Miller was Athletic Director for academics years 2010 through 2013, (doc. 9 at 2; doc. 1 at 6), the court assumes Ms. Keith meant that Mr. Miller was Athletic Director through 2012, because Ms. Keith was Athletic Director beginning in the 2012–2013 academic year.

On November 28, 2016, Ms. Keith filed a charge with the Equal Employment Opportunity Commission. Ms. Keith filed her complaint on August 18, 2018. (Doc. 1). Ms. Keith raises six counts in her complaint.

Count One alleges gender discrimination under Title IX. Ms. Keith alleges that "Defendants' acts and failures to act perpetrated against Plaintiff amount to harassment and discrimination on the basis of gender. The harassment and discrimination was [sic] sufficiently severe and pervasive to create an abusive, and hostile educational environment for Plaintiff." (Doc. 1 at 8). Ms. Keith contends that the discrimination affected her and the girls' sports programs in the school district.

Count Two alleges gender discrimination under Title VII. Ms. Keith generally pled that the Board of Education "discriminated against the Plaintiff in violation of the rights secured to plaintiffs and the class by Title VII . . . ."[2] (Doc. 1 at 10). As a result of this alleged violation, "Plaintiff has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life, thereby entitling her to compensatory damages." (*Id.* at 11).

Count Three alleges a hostile work environment under Title VII. Ms. Keith contends that "[t]he above-described unwelcome sex discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well-being." (Doc. 1 at 12).

Count Four alleges retaliation. Ms. Keith alleges that the Board terminated her because she made internal complaints regarding her alleged disparate treatment.

Count Five alleges pay discrimination. Ms. Keith claims that she was paid "less than a similarly situated male employee performing the same or similar duties." (Doc. 1 at 15). She also

---

[2] The court assumes that this reference to a class was a mistake, as neither the complaint nor any subsequent filings mention a class or any plaintiff besides Ms. Keith.

alleges that the Board required her to coach junior varsity softball and volleyball without pay during the 2013–2014 and 2016–2017 academic years, in addition to being paid less than Mr. Miller as Athletic Director and not having an Assistant Athletic Director.

Count Six alleges quantum meruit. Ms. Keith claims that she provided services by coaching junior varsity girls' softball for academic years 2015–2016 and junior varsity girls' volleyball for academic years 2013–2016 without pay, and so she seeks payment for those services rendered.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570).

To be plausible on its face, the claim must contain enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court has identified "two working principles" for the district court to use in applying the facial plausibility standard. The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts. That task is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

**III. Discussion**

The Board of Education raises six arguments in its motion to dismiss. First, Title VII preempts Ms. Keith's Title IX claim. Second, the complaint fails to set forth facts supporting the

5

hostile work environment claims in Count One and Count Three, so Ms. Keith fails to state a claim upon which relief can be granted. Third, Ms. Keith fails to state a claim for Counts Two, Three, and Four alleging Title VII violations because Ms. Keith did not allege that she received a right-to-sue letter from the EEOC. Fourth, Ms. Keith did not raise her Title VII claims—except for her pay for being a head coach and discharge from the athletic director position—in her EEOC charge. Fifth, sovereign immunity bars MS. Keith's claim for quantum meruit in Count Six. Sixth, Ms. Keith cannot recover punitive damages for gender discrimination under Count Two against a governmental entity. Each argument will be discussed in turn.

### a. Title VII preemption

The Board of Education contends that Ms. Keith's Title IX claim under Count One is preempted by Title VII. Ms. Keith concedes that Count One is likely preempted by Title VII, and agrees that Count One should be dismissed. (Doc. 9 at 5–6). So, the court will GRANT the Board's motion to dismiss Count One.

### b. Failure to state a claim: failure to plead with specificity

The Board of Education contends that Ms. Keith failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for a hostile work environment under Counts One and Three. Ms. Keith voluntarily dismissed Count One as discussed above, so the court will only consider whether Ms. Keith failed to state a claim for a hostile work environment in Count Three.

The Board contends that Ms. Keith has pled no facts alleging a hostile work environment. Ms. Keith, on the other hand, argues that the law requires only "fair notice of what the plaintiff's claim is and the grounds upon which it rests." (Doc. 9 at 7 (quoting *Conley*, 355 U.S. at 47)).

The court is concerned that Ms. Keith's only legal citations supporting this argument are to cases decided before landmark cases *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*, both of which clarified the pleading standards in federal court. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Ashcroft*, 556 U.S. at 678. A complaint fails to state a claim upon which relief can be granted when it contains only "a formulaic recitation of the elements of a cause of action" or is solely based upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

So the court will consider whether Ms. Keith has alleged sufficient facts to support a hostile work environment claim under the standards set out in *Twombly* and *Iqbal*. "A hostile work environment claim under Title VII is established upon proof that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). While at the pleading stage, Ms. Keith does not have to prove her allegations. She still must allege facts that, if true, would plausibly show:

> (1) that [s]he belongs to a protected group; (2) that [s]he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee, such as national origin; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or direct liability.

*Id.*

Here, the court can find no facts regarding an alleged hostile work environment. Ms. Keith has not alleged a single instance of harassment or abuse. All Ms. Keith has alleged is that she was unpaid for some work, and that a male predecessor was paid more and had an assistant

7

as Athletic Director. None of those facts amounts to a hostile work environment. So, the court will GRANT the Board's motion to dismiss Count Three.

### c. Failure to state a claim: failure to receive a right-to-sue letter

The Board of Education argues that Ms. Keith failed to allege that she received a right-to-sue letter from the EEOC, so Counts Two, Three, and Four must be dismissed. Ms. Keith contends in her response that she did receive a right-to-sue letter on May 22, 2018. (Doc. 9 at 7). The Board admits in its reply that is has subsequently become aware of Ms. Keith's EEOC charge and right-to-sue letter. (Doc. 10 at 6). Ms. Keith maintains that the Board's motion to dismiss as to the right-to-sue letter is premature because Federal Rule of Civil Procedure 15 allows Ms. Keith to amend her complaint.

Before filing a Title VII suit in federal court, a plaintiff must first file an EEOC charge within 180 days of the original discrimination and "receive statutory notice from the EEOC of . . . her right to sue the respondent named in the charge." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996); *see* 42 U.S.C. § 2000e-5(f)(1). Then, once the EEOC has issued a right-to-sue letter, the plaintiff has 90 days to file her suit in federal court. *See* 42 U.S.C. § 2000e-5(f)(1).

The plaintiff has "the initial burden of establishing that [s]he filed [her] Complaint within ninety days of [her] receipt of the EEOC's right-to-sue letter." *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002). If the defendant contests that allegation, the plaintiff "bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied." *Jackson v. Seaboard Cost Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982). The plaintiff is not required to attach her right-to-sue letter to her complaint. *Cf. Forehand*, 89 F.3d at 1567 (noting that receipt of a right-to-sue letter is a condition precedent to

8

filing a Title VII suit, but *not* that the letter must be attached to the pleading). But if the defendant contests that the plaintiff filed her complaint within 90 days of receiving the EEOC's right-to-sue letter, then the plaintiff must show that she timely filed her complaint. Because failure to attach a right-to-sue letter to a complaint is not a ground for dismissal, the court will DENY the Board's motion to dismiss based on Ms. Keith's failure to receive a right-to-sue letter as to Counts Two, Three, and Four.

### d. Failure to raise claims in EEOC charge

The Board of Education contends that the EEOC charge does not include Ms. Keith's hostile work environment and retaliation claims raised in Counts Three and Four.

A potential plaintiff must exhaust her administrative remedies before filing suit under Title VII. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) ("Before a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies."). As a first step, the potential plaintiff must file a timely charge of discrimination with the EEOC. *See id.*

The Board attached a copy of Ms. Keith's EEOC charge to its reply brief. (Doc. 10-1). The court must first address whether it can consider this document without converting the motion to dismiss to a motion for summary judgment under Rule 12(d).

Rule 12(d) requires a court to convert a motion under Rule 12(b)(6) or 12(c) to a motion for summary judgment if the motion presents matters outside the pleadings that are not excluded by the court. However, "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.

2005). Here, Ms. Keith's EEOC charge is undoubtedly central to her claims. *See EEOC v. Prof'l Freezing Servs., LLC*, 15 F. Supp. 3d 783, 785 n.1 (E.D. Ill. 2013) (allowing the defendant to attach the EEOC charge to its motion to dismiss when the plaintiff failed to attach it to the complaint). Further, Ms. Keith has offered to attach the documentation herself if allowed to amend her complaint, so authenticity is not challenged. (Doc. 9 at 7–8).

But a second issue arises: the Board attached the charge not to the motion to dismiss, but to its reply brief. Generally, courts disfavor the submission of new evidence in a reply brief. *See Cost Recovery Servs. LLC v. Alltell Commc'ns, Inc.*, 259 Fed. App'x 223, 226 (11th Cir. 2007) (holding that a party cannot raise a new argument or evidence in a reply brief to a motion for summary judgment without giving the non-movant an opportunity to respond); *see also Pacquiao v. Mayweather*, No. 2:09-cv-2448-LRH-RJJ, 2010 WL 3271961, at *1 (D. Nev. Aug. 13, 2010) ("[T]o the extent that a party raises a new argument or proffers new evidence and information in a reply brief [to a motion to dismiss], that argument or evidence is improper because the opposing party is deprived of an opportunity to respond.").

While the document attached by the Board is new in that they had not yet been presented to this court, the charge is not new to Ms. Keith. Ms. Keith created the charge. And Ms. Keith relies on it in her response to the motion to dismiss. So, the court finds that the usual concerns of allowing new evidence in a reply brief are not present here, because the document has always been available to Ms. Keith and Ms. Keith in fact used the document in her response. She has not been ambushed by new evidence on reply. Thus, the court will consider the EEOC charge attached to the Board's reply brief in determining whether she raised her hostile work environment claim and retaliation claims in her charge.

In her charge filed with the EEOC, Ms. Keith checked the boxes for discrimination based on sex and other. (Doc. 10-1 at 2). She did not select the retaliation box. In the box for the particulars of her claim, Ms. Keith explained that she was discharged as Athletic Director on September 1, 2016, but continues to serve as head coach for several teams. She also explained that her supplement pay for her coaching work was "substantially less than other male Head Coaches which [sic] perform the same responsibilities." (*Id.*). She stated that she was discriminated against because of her sex in violation of Title VII and the Equal Pay Act.

Counts Three and Four allege a hostile work environment and retaliation, respectively. Ms. Keith's EEOC charge included no facts or references to a hostile work environment or retaliation. Ms. Keith mentioned she was terminated as Athletic Director when she filed the charge, but she did not check the retaliation box.

A plaintiff is not necessarily limited to only the facts and claims included on the EEOC charge. "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994). An EEOC investigation will not suddenly uncover evidence of a hostile work environment of which Ms. Keith never mentioned or alleged a single fact. In certain cases, an EEOC investigation could lead to retaliation by the employer. And such retaliation may be actionable without having been included in the EEOC charge. *See Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 168 (11th Cir. 1988) (holding that "a claim of retaliation could reasonably be expected to grow out of the original charge of discrimination"). But in this case, the employer had already terminated Ms. Keith, and Ms. Keith did not raise retaliation. The court does not believe that a retaliation charge could grow out of an EEOC investigation when the termination occurred prior to the filing of the charge and was not raised.

Ms. Keith did not exhaust her remedies before suing for retaliation, and so she cannot raise retaliation now. Accordingly, the court will GRANT the Board's motion to dismiss as to Counts Three and Four because they are outside the scope of the EEOC charge.

### e. Sovereign immunity

Ms. Keith raised a quantum meruit claim against the Board of Education under Alabama state law. The Board argues that such a claim violates state sovereign immunity, which prevents the Board, a state entity, from being sued for quantum meruit. Ms. Keith maintains that the Board is not immune to suits for the payment of contractual debts.

The Alabama Constitution provides that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14. In Alabama, "[m]unicipal and county boards of education are local agencies of the State and partake of the State's sovereign immunity." *L.S.B. v. Howard*, 659 So. 2d 43, 44 (Ala. 1995); *see also Ex parte Jackson Cty. Bd. of Educ.*, 4 So. 3d 1099, 1012 (Ala. 2008) ("For purposes of § 14 immunity, county boards of education are considered agencies of the state."). The Supreme Court of Alabama has held that § 14 of the Alabama Constitution "affords the State *and its agencies* an 'absolute' immunity from any court." *Ex parte Mobile Cty. Dep't of Human Res.*, 815 So. 2d 527, 530 (Ala. 2001). So, state sovereign immunity applies to the defendant, a city board of education.

While sovereign immunity protects the state and its agencies from tort claims, the state and its agencies are vulnerable to certain other suits. *See Ex parte Jackson Cty. Bd. of Educ.*, 4 So. 3d at 1103 ("Although it is undisputed that county boards of education are immune from actions seeking damages under tort claims, . . . prior caselaw has allowed breach-of-contract actions to proceed against county boards of education."). The Supreme Court of Alabama has identified four categories of action in which the state and its agencies are immune:

(1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; and (4) actions brought under the Declaratory Judgments Act.

*Ex parte Moulton*, 116 So. 3d 1119, 1131 (Ala. 2013) (quoting *Drummond Co. v. Ala. Dep't of Transp.*, 937 So. 2d 56, 58 (Ala. 2006)).

Ms. Keith contends that her quantum meruit claim is an action brought to compel the state agency to perform its legal duties by compelling the Board to pay its employees for work performed. But the Supreme Court of Alabama has held that quantum meruit claims do not fall within this—or any other—exception to state sovereign immunity. *See Ex parte Jackson Cty. Bd. of Educ.*, 164 So. 3d 532 (Ala. 2014) (noting that the four exceptions identified in *Ex parte Moulton* are sufficient to prevent a city board of education from flouting its contractual obligations, and holding that the county board is immune from an action for quantum meruit, among other claims); *Ex Parte Phenix City Bd. of Educ.*, 109 So. 3d 631 (Ala. 2012) (holding that the city board of education is absolutely immune to the suit, which includes a claim for quantum meruit); *Ex parte Ala. Dep't of Transp.*, 978 So. 2d 17, 23 (Ala. 2007) ("Because the immunity of a State agency is 'absolute' under § 14, . . . ALDOT is also immune from the counts in Good Hope's complaint . . . seeking recovery under a theory of quantum meruit.").

Because state sovereign immunity applies to the Board as to quantum meruit, the Board is immune to the quantum meruit claim. State sovereign immunity does *not* apply to the Board as to the employment discrimination claims. So, the court will GRANT the Board's motion to dismiss as to Count Six.

**f. Punitive damages**

Ms. Keith seeks to recover punitive damages against the Board of Education for gender discrimination in violation of Title VII, as asserted in Count Two. The Board argues that punitive

damages are not available because the Board is a governmental entity. The law here is well settled: "A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) . . . ." 42 U.S.C. § 1981a(b)(1); *see also Garrett v. Clarke Cty. Bd. of Educ.*, 857 F. Supp. 949, 953 (S.D. Ala. 1994) ("Since the Board [of Education is a] . . . governmental entit[y], the plaintiff in this action *sub judice* cannot possibly recover Title VII punitive damages from them. Therefore, the plaintiff's Title VII claims for punitive damages against the Board . . . are due to be dismissed with prejudice.").

Therefore, the court will GRANT the Board's motion to dismiss as to punitive damages sought in Count Two.

## IV. Conclusion

For the reasons discussed above, the court will GRANT IN PART and DENY IN PART the Board's motion to dismiss. (Doc. 3). The court will GRANT the Board's motion as to Counts One, Three, Four, and Six and as to punitive damages sought in Count Two. The court will DISMISS WITHOUT PREJUDICE Counts One, Three, and Four. The court will DISMISS WITH PREJUDICE Count Six and Ms. Keith's claim for punitive damages under Count Two because no set of facts will allow Ms. Keith to pursue a claim of quantum meruit or punitive damages under Title VII against a state or a state's agencies. The court will DENY the Board's motion to dismiss as to Count Two (except for punitive damages). The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 17th day of April, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE